The Chancellor.
The hill alleges that John Opdyke, the then husband of the complainant, on the 17th day of June, 1815, executed a mortgage on certain lands, in the bill described, situate in the county of Hunterdon, to one Joseph Howell, to secure the payment of $6000, which mortgage was not executed by the complainant; that on the first of June, 1816, the sheriff of the county of Hunterdon, by virtue of an execution at law upon a judgment against John Opdyke, sold his equity of redemption in the mortgaged premises, and conveyed them to one Benjamin Howell; that by virtue of sundry mesne conveyances, in the bill particularly mentioned, the equity of redemption so conveyed to the said Howell has come into the possession of the defendants, who also, by assignment or otherwise, hold the mortgage executed by Opdyke to Howell, and that they hold the said premises by virtue of the said mortgage and as the grantees of the equity of redemption; that John Opdyke died on the 10th of August, 1849. The bill prays that the complainant may be permitted to redeem the mortgage. To this bill the defendants have filed a demurrer.
*134 A widow may bring her suit in this court, as well as at law, for the purpose of having her dower assigned her. This bill is not brought by the complainant for the purpose of obtaining her dower. It is a bill to redeem the mortgage, and the question presented by the demurrer is, whether she is entitled to redeem ?
I suggested, at the argument, that there could be no precedent for such a bill, for no principle could be suggested upon which it could be maintained. The numerous authorities cited by counsel prove only that a doweress has a right to redeem a mortgage when it is an encumbrance upon her right, and that she is entitled to her dower in an equity of redemption. A woman marries a man whose estate is encumbered by a mortgage, or she joins with her husband in the execution of a mortgage; in either case she may file a bill to redeem the mortgage. She must redeem it in order to entitle her to dower, because it is an encumbrance upon her right of dower. She is entitled to her dower subject to the mortgage, and as that is interposed against her right, she must redeem it in order to get into the enjoyment of her right. But a widow has no right to redeem a mortgage, and call the mortgagee to an account for the rents and profits, where the mortgage is not an encumbrance upon her right, and cannot be set up to defeat it. In this case the mortgage was executed during coverture, and the complainant did not unite with the husband in its execution. She has a right of dower in the whole mortgaged premises, and not in the mere equity of redemption. It is not necessary for her to redeem in order to entitle her to dower, and this is the only ground why she has a right to redeem.
I cannot understand why this bill is pressed. It is the case of a doweress insisting upon paying off an encumbrance that she may have her dower, when she is entitled to her dower without paying the encumbrance.
The bill cannot be sustained. The demurrer is well taken.